CHARLES MORNINGSTAR & CO. v. UNITED STATES (two cases).

(Circuit Court, S. D. New York. November 23, 1907.)

Nos. 3,896, 4,907.

CUSTOMS DUTIES—CLASSIFICATION—WHITE "DEXTRINE."
　　White dextrine, produced by the chemical treatment of starch, while not a dextrine, technically speaking, is classible as "dextrine," because it is commercially so known, under Tariff Act July 24, 1897, c. 11, § 1, Schedule G, par. 286, 30 Stat. 173 [U. S. Comp. St. 1901, p. 1653].

On Application for Review of Decisions by the Board of United States General Appraisers.

For decisions below, see G. A. 5,912 (T. D. 26,011) and G. A. 6,576 (T. D. 28,073), affirming the assessment of duty by the collector of customs at the port of New York on importations of so-called "white dextrine."

Everit Brown, for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

PLATT, District Judge. The merchandise in both suits is the same. It is made by treating starch with an acid vapor in such way that the granules are disintegrated, and the mass becomes more gelatinous.

Paragraph 285 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule G, 30 Stat. 173 [U. S. Comp. St. 1901, p. 1653]) relates to starch. Paragraph 286 covers "Dextrine, burnt starch, gum substitute, or British gum." The higher rate is on the dextrines. When starch has become sufficiently gummy by treatment, it was deemed best that it should pay the higher rate. The importer thinks it had not reached that stage, and was not, in fact, dextrine. Technically speaking, the merchandise in dispute is neither starch nor dextrine, but why need we be concerned with the question whether it has been carried far enough away from starch to entitle it to classification among the dextrines?

Mr. Morningstar has been the sole importer of this particular article for a great many years, extending back far beyond the present tariff act. He has imported it until lately as dextrine, and paid duty under paragraph 286. The burden of proof is, of course, upon the government to prove a commercial designation which should govern the rate. I think this burden has been sustained, and, upon the entire record, it is plain that the merchandise was definitely, generally, and uniformly known in the trade of this country as "dextrine" when the act of 1897 was passed. The importer himself says in flat terms that it was so known, but he insists that such designation was erroneous, and cannot be borne out scientifically. As the sole importer of this special brand he helped to fasten the trade-name upon it; as a selling point he may have supplemented the general name with some special mark or stamp, but the general name by which it was known still remained uniform and definite. In truth, even as a selling point, one at least of his fancy names seems to have failed of efficacy.

This being so, the Congress must have concluded to have this specific article included within the terms of paragraph 286. This leaves no basis for any of the alternative grounds of protest to rest upon.

The action of the board was manifestly right in both cases, and is affirmed.